UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYSA VANIBLE,<br><br>               *Plaintiff,*<br><br>-- against --<br><br>KIRSCHENBAUM & PHILLIPS, P.C.; JAMES SCULLY,<br><br>               *Defendants.* | Civil Action No. 20-cv-2177<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Lysa Vanible, by her attorneys at Manhattan Legal Services, for her Complaint against Defendants Kirschenbaum & Phillips, P.C. and James Scully, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") codified at 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices; the New York Consumer Protection Act (hereinafter "NYCPA") codified at N.Y. General Business Law § 349, *et seq.*, which prohibits deceptive acts or practices in the conduct of any business in New York State; and New York Judiciary Law § 487.

2. Plaintiff Lysa Vanible ("Ms. Vanible"), a 9/11 First Responder and retired police officer, is a fifty-six year old mother of seven who lives on a limited fixed income. On or about March 14, 2019, Defendants, on behalf of their landlord client, filed a lawsuit against Ms. Vanible in New York County Civil Court seeking $16,463.95 in rent arrears and fees allegedly due for the period of February 2012 through April 2013 pursuant to a lease agreement. At the time the lawsuit was filed, all but $1,078.08 of the alleged debt was barred by the statute of

limitations and Ms. Vanible was not responsible for any of the alleged rent arrears sought in the complaint because she had vacated the subject apartment in or around 2006, there was no lease agreement between the parties during the time period for which the debt was sought, and, according to public records, the landlord had exclusive possession of the apartment after January 2013. Defendants' actions caused Ms. Vanible to experience severe distress and fear at a time when she was financially, medically and emotionally vulnerable.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to the FDCPA (15 U.S.C. § 1692k(d)) and 28 U.S.C. § 1331.

4.  This Court has supplemental jurisdiction over Plaintiff's claims under the NYCPA (N.Y. General Business Law § 349, *et seq.*) and New York Judiciary Law § 487 pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative fact with the federal claim and are so related to the federal claim as to form part of the same case or controversy under Article III of the United States Constitution.

5.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein occurred within the Southern District of New York and Defendants transact business in the Southern District of New York.

## PARTIES

7.  Ms. Vanible is an individual currently residing in New York County, New York.

8.  Ms. Vanible is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant Kirschenbaum & Phillips, P.C. ("Kirschenbaum") is a New York domestic professional corporation with its principal place of business at 40 Daniel Street, Suite 7, Farmingdale, New York 11735.

10. Kirschenbaum is a law firm engaged in the business of collecting debts by filing and litigating civil collection lawsuits on behalf of its clients.

11. Upon information and belief, Kirschenbaum filed more than 450 collection lawsuits in 2019 in the Civil Court of New York City in New York County alone.

12. Kirschenbaum collects debts from consumers using the mail and, upon information and belief, the telephone.

13. Kirschenbaum regularly collects debts alleged to be due to another.

14. Kirschenbaum is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15. Kirschenbaum transacts business in the Southern District of New York.

16. Defendant James Scully ("Mr. Scully") is an individual who is admitted to practice law in New York State. His registration number is 4274981.

17. Mr. Scully is an attorney at Kirschenbaum.

18. Mr. Scully practices law and transacts business in the Southern District of New York.

19. Mr. Scully was personally engaged in the debt collection activities that form the basis of this complaint, including personally verifying the underlying complaint that was filed by Defendants on March 14, 2019.

20. Mr. Scully is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATUTORY FRAME WORK

### The Fair Debt Collection Practices Act

21. Congress enacted the FDCPA to stop "the use of abusive, deceptive, and unfair collection practices by many debt collectors." 15 U.S.C. § 1692(a).

22. Under the FDCPA, "a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

23. Prohibited conduct in violation of this section includes, but is not limited to:

   a. "The false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

   b. "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

   c. "The threat to take any legal action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

   d. "The use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

24. A debt collector is further prohibited from the "use of unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.

25. A debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

26. An individual may recover $1,000 in statutory damages from a debt collector who violates any of the above provisions of the FDCPA. 15 U.S.C. § 1692k(a)(2)(A).

27. An individual may also recover any actual damages sustained as a result of a debt collector's violations of the FDCPA. 15 U.S.C. § 1692k(a)(1).

28. In a successful action, an individual may recover costs and reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a)(3).

### The New York Consumer Protection Act

29. New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a).

30. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h).

31. The award of damages may be increased to an amount not to exceed three times the actual damages, up to $1,000, if the court finds that the defendant willfully or knowingly violated this section. N.Y. Gen. Bus. Law § 349(h).

### New York Judiciary Law § 487

32. New York Judiciary Law § 487 provides a private cause of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." N.Y. Jud. Law § 487.

33. Any such attorney or counselor "forfeits to the party injured treble damages, to be recovered in a civil action." N.Y. Jud. Law § 487.

## FACTS RELATED TO THIS ACTION

34. Ms. Vanible is a fifty-six year old 9/11 first responder and retired police officer who lives on a limited fixed income.

35. She is the mother of seven children, all of whom live with her and rely on her for support.

**The Collection of the Alleged Debt**

36. On or about March 14, 2019, Defendants Kirschenbaum and Mr. Scully, on behalf of 880 St. Nicholas Avenue Holdings LP, filed a Summons and Complaint, *880 St. Nicholas Avenue Holdings LP v. Lysa Vanible* Index No. 06296/19 ("Complaint"), in the Civil Court of the City of New York, New York County, alleging that Ms. Vanible had breached a written lease agreement for a residential apartment located at 880 St. Nicholas Avenue, New York, NY 10032 and owed a balance of $16,213.95 plus interest and $250 in legal fees.

37. Defendants verified the Complaint. The verification stated, under penalty of perjury, that Mr. Scully had read the Complaint and knew the contents to be true with the exception of those facts alleged upon information and belief, which he believed to be true.

38. In the Complaint, 880 St. Nicholas Avenue Holdings LP, by Defendants Kirschenbaum and Mr. Scully, alleged that pursuant to a written lease agreement, Ms. Vanible owed $15,409.60 in rent as follows:

| Date | Amount |
|---|---|
| 2/1/2012: | $535.09 |
| 3/1/2012: | $1,005.21 |
| 4/1/2012: | $1,005.21 |
| 5/1/2012: | $1,005.21 |
| 6/1/2012: | $1,078.08 |
| 7/1/2012: | $1,078.08 |
| 8/1/2012: | $1,078.08 |
| 9/1/2012: | $1,078.08 |
| 10/1/2012: | $1,078.08 |
| 11/1/2012: | $1,078.08 |

```
12/1/2012:    $1,078.08
1/1/2013:     $1,078.08
2/1/2013:     $1,078.08
3/1/2013:     $1,078.08
4/1/2013:     $1,078.08
```

39. The statute of limitations for breach of contract claims in New York is six years. N.Y. C.P.L.R. § 213(2).

40. Under New York law, where a breach of contract claim arises from a series of installment payments, such as monthly rent, the statute of limitations applies to each separate installment. *See, e.g., J.C. Penney Corp., Inc. v. Carousel Center Co., L.P.*, 635 F.Supp.2d 126, 131 (N.D.N.Y. 2008).

41. At the time Defendants filed the Complaint on or about March 14, 2019, all of the alleged rent arrears sought in the Complaint were beyond the statute of limitations except for the alleged rent due for April 2013, therefore Defendants, on behalf of their client, sued Ms. Vanible for $14,331.52 on a time-barred debt.

**Ms. Vanible Had Not Signed a Lease for the Time Period the Alleged Rent Arrears Accrued**

42. Further, Defendants, on behalf of their client, alleged that the $16,463.95 in rent arrears and fees from February 2012 through April 2013 sought in the Complaint were due pursuant to a written lease agreement between Ms. Vanible and 880 St. Nicholas Avenue Holdings LP for a residential apartment located at 880 St. Nicholas Avenue, New York, NY 10032 when no such lease was in effect at the time the arrears allegedly accrued.

43. Ms. Vanible leased Apartment 26 at 880 St. Nicholas Avenue, New York, NY 10032 from approximately 1996 through 2006, when she moved out of the apartment.

44. Shortly before she moved out, Ms. Vanible went to the management office with her partner, Karen Ruiz, who had been living in the apartment with her.

45. Ms. Vanible informed the management office she was moving and asked that the lease be put in Ms. Ruiz's name. After Ms. Vanible introduced Ms. Ruiz to the employee in the management office, they began speaking directly to each other in Spanish, which Ms. Vanible does not understand. However, before she left the management office, Ms. Vanible asked if everything was good and if she could leave; she was told "yes" and believed everything was resolved.

46. Upon information and belief, the landlord kept the lease in Ms. Vanible's name for the next seven years without her knowledge or permission.

47. A rent ledger that Defendants relied on to establish the amount of rent arrears claimed in a previous lawsuit listed Ms. Vanible's move in date as June 2006, erasing her prior years in occupancy and starting a new account with a zero balance as of the year she moved out.

48. Upon information and belief, the landlord changed the move-in date to reflect the date Ms. Vanible's then partner, Karen Ruiz, took over the apartment.

49. According to the New York Homes Community Renewal (hereinafter "HCR") rent history for the apartment, the landlord continued to register the apartment in Ms. Vanible's name from 2006 through until May 31, 2012.

50. Ms. Vanible, however, did not sign any lease agreement for the apartment after she moved out of the apartment in 2006.

51. Although Ms. Vanible was not responsible for the alleged debt because she was not living in the apartment in 2012 or 2013 and had not signed a lease for the time period in question, Defendants nonetheless verified and filed the Complaint against her.

52. Further, computer records maintained by the New York Civil Court indicate the owner of the building obtained a judgment of possession for Ms. Vanible's former apartment on

January 16, 2013. Therefore, upon information and belief, although Defendants claimed Ms. Vanible owed rent arrears from January 2013 through April 2013, she could not be held responsible for rent that accrued after the date the judgment of possession was entered.

53. In addition, according to the HCR rent registration history, the landlord registered the apartment as vacant in 2013, which indicates no lease was in effect for the apartment from May 31, 2012 through May 1, 2013, the date the next registered lease commenced.

**Ownership of the Debt at the Time of the Collection Attempt**

54. According to the New York City Automated City Register Information System (hereinafter "ACRIS"), on July 10, 2014, 880 St Nicholas Avenue Holdings LP sold the building to 759 St Nick LL,C and on June 28, 2016, 759 St Nick LLC sold the building to 880 St Nick LLC.

55. Therefore, when Defendants sued Ms. Vanible on behalf of 880 St. Nicholas Avenue Holdings, L.P., their client no longer owned the building.

56. According to ACRIS, no assignment of rent has been filed for the subject building, therefore, upon information and belief, any claims for the rent arrears sued for remained with the prior owners.

**Ms. Vanible's Damages**

57. Ms. Vanible did not learn she had been sued by Defendants, on behalf of their client 880 St. Nicholas Avenue Holdings LP, until she received a copy in the mail in or about April 2019.

58. Shortly afterward she discovered the court papers had also been posted on the door above the stoop of her building, an entrance she does not use.

59. Because the court papers were left in plain sight of neighbors, delivery people, and the mail carrier, Ms. Vanible was extremely embarrassed when she found them on the door, and angry because she did not believe she owed the landlord any money.

60. When she opened the court papers and saw that she was being sued for almost $17,000, Ms. Vanible was worried and afraid. She did not know where she could ever get that amount of money.

61. At the time she was sued, Ms. Vanible was still grieving the loss of her mother, who had provided emotional and financial support to Ms. Vanible and her seven children, one of whom has special needs. After her mother passed away, Ms. Vanible felt a huge responsibility to take care of everyone by herself. When she read the Complaint, she felt like she had made a mistake and let her family down.

62. Ms. Vanible was afraid that she would no longer be able to help pay tuition for her two children who were in college.

63. Ms. Vanible was in school herself at the time, studying coding, and was afraid that she would have to drop out.

64. Ms. Vanible had been working to pay off her debt, including student loans and tax debt, and improve her credit score. When she received the Complaint, she felt as though all of this hard work was for nothing.

65. Ms. Vanible was also in the process of recovering from a serious car accident when she received the Complaint. As a result of the accident, she was receiving physical therapy three times a week and seeing a therapist. The lawsuit made her recovery all that more difficult, and the stress of the lawsuit negatively impacted her health.

66. Ms. Vanible has acid reflux from being a 9/11 first responder. Stress exacerbates the acid reflux and makes her vomit.

67. Ms. Vanible felt alone and did not know where she could turn to for help. She felt like her life was spinning out of control, like she was screaming inside. She believed the only thing that could resolve the court case was to pay money that she didn't have. Despite having been able to overcome many things in her life, she knew there was nothing she could do to obtain the money to pay the debt, and that turned the court case into a crisis.

68. After she received the Complaint, Ms. Vanible went to the courthouse by herself to file an answer. She initially went to Housing court, since the case involved rent arrears, and only learned her error after having waited on line for an extended period of time.

69. Then she had to wait on line again in the Civil Court clerk's office. The longer she was in court, the greater her anxiety grew.

70. Ms. Vanible attended the first court appearance in May 2019 on her own and the case was adjourned for her to consult with the Legal Resource Center, which told her to come back with more paperwork, and after her second visit, referred her to Manhattan Legal Services.

71. While in court, Ms. Vanible learned that she had been sued multiple times before by the landlord, twice in civil court (2014 and 2015) and at least once in housing court (2012). She did not know about these cases and upon information and belief, she was never served.

72. According to e-courts, one of the prior civil court cases was filed by Daniels, Norelli, Scully & Cecere, which upon information and belief, was Defendant James Scully's former law firm. The other was filed by Defendant Kirschenbaum.

73. Ms. Vanible subsequently retained Manhattan Legal Services and the Complaint was discontinued on consent by a stipulation between parties signed in July 2019.

74. Pursuant to the FDCPA, an attorney signing a demand for debt is responsible for exercising professional judgment concerning the validity of a debt prior to engaging in debt collection.

75. Upon information and belief, Defendants Kirschenbaum and Mr. Scully failed to conduct a reasonable inquiry into the merits of the debt to ensure the factual allegations had evidentiary support prior to filing the Complaint against Ms. Vanible.

76. Even a cursory review of the Complaint on its face, which clearly identified the months of rent sought, would have revealed that the debt sought was barred by the statute of limitations.

77. A review of public records, including their client's own HCR registrations and the court's public access computer, would have disclosed that Ms. Vanible no longer lived at the apartment during April 2013, the only month for which rent arrears were claimed that was not outside the statute of limitations, and that the owner had registered the apartment as vacant at that time.

78. When the Complaint was prepared and filed, Defendants Kirschenbaum and Mr. Scully were or should have been aware that they could not lawfully sue Ms. Vanible for the alleged $16,493.95 sought.

79. Upon information and belief, Defendants have previously engaged in the practice of suing consumers for debt they do not owe and/or debt for which they cannot lawfully sue.

### FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

80. Plaintiff restates and incorporates the allegations of paragraphs 1 through 79 as if fully set forth herein.

81. Defendants Kirschenbaum & Phillips and Mr. Scully violated the Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to the following:

   a. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations and means to collect a debt;

   b. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations regarding the legal status of the alleged deb;

   c. Defendants violated 15 U.S.C. § 1692e(3) by making false representations and implications that, as attorneys, they engaged in a meaningful review of the Complaint;

   d. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to attempt to collect the debt;

   e. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect a debt;

   f. Defendants violated 15 U.S.C. § 1692d by engaging in conduct intended to harass, oppress, or abuse Ms. Vanible in the collection of a debt.

82. As a result of the above FDCPA violations, Defendants are liable to Ms. Vanible for statutory damages in an amount to be determined at the time of trial but not less than $1,000 per violation; actual damages, including emotional distress; reasonable attorney's fees; and costs.

## SECOND CAUSE OF ACTION

**Violation of New York Consumer Protection Act, N.Y. General Business Law § 349 *et seq.***

83. Plaintiff restates and incorporates the allegations of paragraphs 1 through 82 as if fully set forth herein.

13

84. New York prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a).

85. Defendants have used deceptive consumer-oriented acts and practices in the conduct of their business.

86. Defendants' deceptive practices include, but are not limited to:

   a. Making false representations that Plaintiff owed rent arrears that she did not owe;

   b. Making false representations that Plaintiff had entered into a written lease agreement for the subject apartment during the relevant time period; and

   c. Making false representations that their landlord-client was entitled to a judgment for an alleged debt that Defendants knew or should have known was time-barred.

87. Defendants' conduct has a broad impact on consumers at large.

88. Defendants committed the above-described acts willfully and/or knowingly.

89. Defendants' deceptive consumer-oriented acts and practices are misleading to a reasonable consumer in a material way.

90. Defendants' deceptive consumer-oriented acts cause injury and harm to the public interest.

91. As a result of Defendants' violations of New York's Consumer Protection Act, Ms. Vanible has suffered compensable harm, including emotional distress. Ms. Vanible accordingly is entitled to an injunction barring Defendant from engaging in such deceptive acts and practices, and to recover treble damages up to $1,000, costs and attorney's fees.

## THIRD CAUSE OF ACTION

### Violations of New York Judiciary Law § 487

92. Plaintiff restates and incorporates the allegations of paragraphs 1 through 91 as if fully set forth herein.

93. Defendants violated N.Y. Judiciary Law § 487 by filing a Complaint in New York County Civil Court to obtain a judgment against Plaintiff for an alleged debt that was not owed and was barred by the statute of limitations.

94. Mr. Scully violated N.Y. Judiciary Law § 487 by verifying a Complaint which made false representations that Plaintiff owed rent arrears that she did not owe, including misrepresentations as to Plaintiff's liability and the existence of a written lease agreement, and which sought a judgment for an alleged debt that Mr. Scully knew or should have known was time-barred.

95. Defendants, by filing the Complaint, misrepresented to Ms. Vanible and the Court the legal status of the debt.

96. Upon information and belief, Defendants made these misrepresentations to deceive the court and Plaintiff into believing Plaintiff owed rent arrears that she did not owe.

97. The deceitful conduct of Defendants caused actual damages to Plaintiff.

98. As a result of Defendants' acts of deceit and/or collusion and legal delinquency, Defendants are liable to Ms. Vanible for treble damages pursuant to N.Y. Judiciary Law § 487.

### DEMAND FOR JURY TRIAL

99. In accordance with Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court:

(a)  Assume jurisdiction of this action;

(b)  Declare that Defendants' actions violate 15 U.S.C. §§ 1692d, 1692e, 1692f, N.Y. General Business Law § 349, and N.Y. Judiciary Law § 487;

(c)  Enjoin Defendants from committing similar actions in the future;

(d)  Award Plaintiff compensatory and statutory damages pursuant to 15 U.S.C. § 1692k(a), N.Y. General Business Law § 349(h), and N.Y. Judiciary Law § 487;

(e)  Award costs and attorney's fees to Plaintiff; and,

(f)  Award Plaintiff such other and further relief as may be just and proper.

Dated: March 11, 2020

Respectfully submitted,

_____/s/_____
MANHATTAN LEGAL SERVICES, INC.
By:   Mary McCune (MM3298)
        Caitlin Goldman (CJ 2198)
One West 125th Street, 2nd Floor
New York, New York 10027
(646) 442-3143
mmccune@lsnyc.org
*Attorneys for Petitioner*